UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW SCHOOL,<br>Petitioner,<br>v.<br>LOCAL 7902, ACT-U.A.W.,<br>Respondent. | 26-CV-4720 (RA)<br>ORDER |

RONNIE ABRAMS, United States District Judge:

On June 4, 2026, Petitioner The New School (the "University") petitioned the New York State Supreme Court pursuant to CPLR § 7503(b) for an order "staying any further arbitration proceedings" in Case No. AAA # 01-23-0003-2459—a dispute concerning a collective bargaining agreement between the University and Respondent Local 7902, ACT-U.A.W (the "Union"). *See* Dkt. 1, Ex. A at 2. The Union removed the action to this Court on the same day. *See* Dkt. 1. On June 14, 2026, the Union moved to dismiss the petition for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the basis that the parties had agreed to submit all disputes to arbitration and had conferred upon the arbitrator the power to determine his own jurisdiction. *See* Dkt. 9 at 5–9. The Union also moved to dismiss the petition for failure to state a claim under Rule 12(b)(6), arguing that the Union was not seeking to reopen or modify the arbitrator's award. *See id.* at 9–11.

There is a "'lack of clarity in the case law of this Circuit as to what procedural mechanism should be employed by courts evaluating the enforceability of an arbitration agreement' as between [Federal Rules of Civil Procedure] 12(b)(1), 12(b)(6), or the FAA." *Barrows v. Brinker Rest. Co.*, 36 F.4th 45, 49 n.6 (2d Cir. 2022) (quoting *Sinavsky v. NBCUniversal Media, LLC*, No. 20-CV-

9175, 2021 WL 4151013, at *2–3 (S.D.N.Y. Sept. 13, 2021)); *see Harris v. TD Ameritrade Clearing Inc.*, No. 21-CV-8851, 2022 WL 3544171, at *3 (S.D.N.Y. Aug. 18, 2022) ("'[I]t is unsettled' in this Circuit whether 'the correct procedural vehicle' for moving to dismiss a complaint based on the existence of a binding arbitration agreement is governed by Rule 12(b)(1) or Rule 12(b)(6)." (quoting *Fed. Ins. Co. v. Metro Transp. Auth.*, No. 17-CV-3425, 2018 WL 5298387 (S.D.N.Y. Oct. 25, 2018)). "Where a party has moved to dismiss pursuant to an arbitration agreement, courts have in certain situations converted a motion to dismiss to one to compel arbitration." *Harris*, 2022 WL 3544171, at *3; *see Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (noting that a court may construe a motion to dismiss as a motion to arbitrate where the motion "explicitly or implicitly ask[s] the court to order arbitration").

Here, the Union argues that the Court "lacks subject matter jurisdiction" because "the parties have agreed to submit all disputes to arbitration and the arbitrator has the power to rule on his own jurisdiction." Dkt. 9 at 5 (citation modified). As a result, the Union contends, the petition must be dismissed under Rule 12(b)(1). *See id.* at 8, 11. However, pursuant to 28 U.S.C. § 1447(c), "[a] district court must remand a removed action to state court if the district court lacks subject matter jurisdiction." *Castillejo v. BJ's Wholesale Club, Inc.*, No. 16-CV-6973, 2017 WL 1929561, at *2 (S.D.N.Y. May 9, 2017); *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) ("[T]he literal words of § 1447(c) . . . give no discretion to dismiss rather than remand an action." (citation modified)). The Court thus instructs the Union to file a supplemental letter brief by no later than December 8, 2026 to clarify whether it is asking the Court to remand this matter back to state court on the basis that the Court lacks subject matter jurisdiction. If the Union is not asking

the Court to remand this matter back to state court, it shall inform the Court whether its motion to dismiss for lack of subject matter jurisdiction should be construed as a motion to dismiss for failure to state a claim or as a motion to compel arbitration under the FAA. The University may respond no later than 14 days after the Union has filed its supplemental letter brief.

SO ORDERED.

Dated: November 24, 2026
New York, New York

Ronnie Abrams
United States District Judge